Good morning. May it please the Court, my name is Jeff Singletary. I'm with the law firm of Snell and Wilmer, and I represent Petitioner Al-Amani Tal. If I may at this time reserve two minutes for rebuttal. Sure, would you keep track of your time, then? Yes. As the Court has already indicated, the principal issue raised in our petition is whether or not the crime of manufacture or sale of a counterfeit good, namely California Penal Code Section 350, is a crime involving moral turpitude. There is also a second independent claim warranting, or at least presented in our petition, warranting reversal, and that is the due process claim. As the Attorney General has noted in his brief, there is a serious exhaustion of administrative remedies problem in that claim. Isn't counterfeiting a trademark really just a species of theft? You're either ripping off somebody who thinks they're buying a real Gucci bag when it's not, or you're defrauding the person who owns the mark. I don't believe so. And I don't believe so under how 350A2, or A1 and A2, is drafted, in that it requires either the willful manufacturer and willful meaning just the manufacturer knows that he's creating a spurious mark, an inauthentic mark. With just the willful manufacturer of the mark, there is no intent, there does not necessarily have to be an intent to defraud the end user of that product. In fact, without the guidance of any supporting case authority, that very well might be the case where the manufacturer of a counterfeit good may have an intent that the end user of that product knows that the mark is counterfeit. You also address the fact that maybe the owner of this trademark may be defrauded. I don't think that's fraud. I mean, the owner of the trademark may be subject to unfair competition, dilution in the value of his mark. That's not stealing the mark from the owner? I don't believe so. It's not stealing the mark so much as, in that case, that would be, I mean, stealing is burglary, which is theft, which is different than fraud. If I go ahead and make a knockoff of a Rolex watch, aren't I ripping off Rolex? I believe you're engaged in unfair competition with Rolex, absolutely. Whether that's fraud or not. But if you're passing it as a Rolex, it is by definition a counterfeit, is it not? No, that is a definition of a counterfeit. A counterfeit is an inauthentic mark that's used in, or that's confusingly similar to the... Which is represented, essentially, in the mind of the consumer to be the same. Well, that's where I think the statute isn't explicit. The statute here doesn't require, as the federal criminal statute, trafficking in counterfeit goods requires the mark to be used in a confusing, misleading, or deceitful manner. Whereas the California statute doesn't say anything on that point. There's no cases in California that have addressed whether or not the intent to defraud the consumer, as opposed to just engaging in unfair competition, diluting the value of the mark, is an essential element of that crime. Well, the statute does define a counterfeit mark to mean a spurious mark that is identical with or confusingly similar to a registered mark. Somebody has to be confused, and wouldn't we infer that it must be in the mind of the purchaser or the consumer of the good? That's one inference to make. It may also just be a definition of what a counterfeit is. A counterfeit is a spurious mark, which is, it's something that looks like the original or is very close to what the original is. But again, that, unlike the federal crime, doesn't have to be used in a manner that is likely to confuse, likely to mislead, or likely to cause deceit. In our case, we say that fraudulent, when we're looking at these various categorical marks, fraudulent means knowing what false representation is made in order to gain something of value. Isn't that basically what you do when you sell a counterfeit good, is that you pass it off as something else and you do so so you can get some money out of it? At base, yes. It is. You're passing off something as – the question is how much value you're receiving for that. If you're receiving value equivalent to a knockoff, if you're selling your counterfeit good to somebody who knows it's a counterfeit good, who's buying a Louis Vuitton purse knowing that it's $2,000 on the market, but I'm getting it for $800, they know it's not an authentic mark. Yes, you're receiving value. I don't know if it goes to that Navarro store. In the Navarro business, we're not on a sliding scale of value. Navarro Lopez basically says that is a fraudulent crime. And it seems to me that this crime falls right in that definition. And the peculiar gain is the gain to the maker or the passer-off. It's not the gain to the purchaser. Right. In that sense, I agree that there is value being transmitted. One to the other. And, I mean, you have on the one hand the manufacturer of the mark that looks confusingly similar. So to get back to Judge Somerville's original question, isn't this just another species of theft? When you say theft – and the problem why I'm having a problem with theft is theft isn't fraud. Theft is deceiving somebody. But, I mean, any crime is essentially deceitful. I mean, you're violating the obligation imposed on you by law. And if it's a specific intent crime, which I admit this is a specific intent crime, then, I mean, in a sense that is deceitful. But that would mean that crimes involving moral turpitude, that essentially means any crime. Assault is not deceitful, is it? What's that? An assault. That's about as direct and undeceitful a crime as I can think of. You're correct. But I don't know if deceit has yet been – is the equivalent of fraud for determining whether a crime is a crime involving moral turpitude. You mentioned you wanted to save four minutes for the bottom of what you said at the beginning. Oh, thank you very much. Good morning. Good morning. May it please the Court. Chris Fuller again for the Attorney General. It seems as though counsel has butted up against the concession that this is another species of theft. And it seems to me that with that concession, we fall within this Court's precedent that, indeed, Petty theft is a crime involving moral turpitude, which is Morosh versus INS, 363 F. Second, 30 in 1966. Esperanza Ponza, E-S-P-E-R-Z-A Ponce, P-O-N-C-E, 193 F. Third, 1133 in 1999. Petty theft is a C-I-N-P, that is a crime involving moral turpitude. So it's pretty clear from this Court's precedent. Now, the question may be, there have been raised the question of whether or not these pre-Taylor cases would, in fact, apply because they did not necessarily involve a categorical or modified categorical approach. But following the example that Judge Reinhart gave us in the case that Judge McCune just cited, Thank you, Navarro-Lopez. And that is that when he had clarified, correcting Judge Pragerson, that indeed fraud, cases involving fraud or even implicit fraud, we look back to a pre-Taylor Supreme Court decision, Jordan, to understand that, indeed, those types of cases fall within a crime involving moral turpitude. So this Court's precedent, even though pre-Taylor, is clear that theft, even pettit theft, pettit larceny, are, in fact, crimes involving moral turpitude, although this is a modern crime. It is, in fact, no different than larceny. It's the common law of larceny in a unique, modern arena. Now, using the categorical approach, there's one thing that, if I can, before I get to that, though, I'd like to raise, and we mentioned it briefly in our brief at page 20, and it hasn't been addressed. And I want to make sure the Court understands that it's something quite serious. And that is that this alien, representing himself, and repeatedly so in four separate hearings in which the I.J. warned him to get counsel if he needed it, he decided to go alone. He had a history of representing himself. He did so on his application for adjustment and his appeal. And he almost won that appeal, by the way. A three page report in the record suggested it was a really close call. So he was fairly astute of representing himself, spoke English very well. He decided to represent himself and he conceded the charge that his conviction was for a crime involving moral turpitude. He denied the second charge with regard to being here without proper documents. And in fact, he provided evidence such that the DHS attorney withdrew that charge and then added another one. And he denied that one as well. So he was quite astute. And his argument is that he's now judicially estopped because he previously took a position in litigation. Yes. And I don't think this court should slightly skip over that fact because he filed the brief to the board. And although then raised the crime involving moral turpitude issue, never explained away his concession that it was, in fact, a crime involving moral turpitude. And his now learned counsel appointed from the court has never asserted the reasons other than to say he was without legal counsel. But this is but this is an alien who just previously spent two years in prison for standing in front of a court and conceding a charge in a criminal case. He understood that there are consequences for conceding. All of the circumstances suggest that he was a pretty astute fellow and made a knowing concession. That has not been a concession before. Yes. Yes. In which you can see that's exactly right. And that's one of the reasons why the judge then ultimately did not address that issue in great detail, because ultimately the alien conceded that. So although that's not the issue of one of the questions before the court in terms of his question before the court, because he raised it briefly in our brief, I'm just concerned that we're sliding over that too much. Granted, crime involving moral turpitude, as Judge Barzon said in a previous opinion, you know, that the dissent in Jordan goes on from Judge Jackson to say that crime is involving moral turpitude. They're kind of nebulous. It's difficult. And what I want to make sure is that just because if, in fact, we skip over the fact that an alien conceded that charges of CIMT, but nonetheless, it gets an avenue to the court of appeals. Does that mean that any time there's a charge of a CIMT because it's a nebulous charge, we automatically pave the path up to the court of appeals? Well, that certainly can't be. There are concessions. There are reasons to block that in terms of failure to exhaust and all sorts of reasons why it can't come up to the court. In this case, I think that's an important matter that the court should consider. As to the categorical review, I do believe the court is absolutely right. If you look at this statute, it is categorically a crime involving fraud. Again, following an example from Navarro Lopez. I can see fraud if you sell a counterfeit good. I can see fraud if you possess it with intent to sell. But you could get convicted under this statute for manufacturing and then sitting on it in your warehouse. Yes, you could. So how is that a crime of fraud? Because using the example of Judge Pregerson from Navarro Lopez in which he went to common, what he called generic definitions from death from dictionaries to help explain what a crime involving moral turpitude is. Right in the statute, the word counterfeit is included. That word is loaded with meaning and it's common law meaning. And I've gone to my trusty little Webster's New World Dictionary. Common definition. Adjective made made in imitation of something genuine. So as to defraud. Now, an imitation made to deceive verb to make an imitation of something in order to defraud. The common meaning of counterfeit is loaded with fraud. And to and to and to. And then you look at the charge as well. Indeed. Three fifty eight to more than one person. Indeed. Indeed. And it's kind of like, you know, if you yell and nobody hears you. And that's the question is whether the first part of this crime is broader. But there doesn't have to be a second person to be defrauded. Only if there's an intent to defraud. Right. And also believe here the manufacturer. Look at two three fifty eight two. If in fact they were going to manufacture one of these marks and there are ten of them listed. Of course, we get to the modified category. We're talking about Louis Vuitton and coach and Christian Dior, et cetera. If I were to manufacture one and hanging on my wall for artistic reasons, that might be something. But but the crime itself says more than one thousand of these. He's manufacturing more than one thousand of these fraud of these counterfeit. That is making an imitation with the purpose, with the intent to defraud. I know I just said I mentioned that I mentioned the ten the things just for the purpose of saying the thing to let you know. That's the type of label that he was doing. I'm not I don't want to go to modified. No, I think this is categorical on its face. Well, I can get to that. If you'd like me to address that now. But I do. I do think under modified category, we get there as well. But I think categorically, because this is intrinsically involving fraud because of that word counterfeit and the nature of the crime. More than one thousand. We can't ignore the terms of the statute on the face. More than what are you going to do with more than one thousand counterfeit marks, but manufacture them to provide somebody for game art exhibit. But then you have to buy it from the artist. Yeah. And then we get to the to the to the problem we had with the with the Navarro cases. Is there. Can you come up with some creative thing or does it have to be some reason to run from that kind of quantity? That's right. That's right. And with the definition, the common law definition, common definition, the categorical approach says this is indeed your instincts. The common instincts are this is a modern day version of old common law larceny. It rips off both the holder of the registered mark as well as the potential buyer. And it's done for one purpose and one person on one purpose only and has to defraud for the purpose of getting game. It falls directly under Navarro Lopez, under the under the majority's opinion. And ultimately using what the majority said in Navarro, both with the dictionary definitions to show us the common generic meaning, as well as Judge Reinhardt's example of following the pre Taylor precedent from the Supreme Court, where they look to fraud as a crime involving moral turpitude to slide into the categorical approach. This court should follow that same example, use the common meanings of these terms. Look at look at its precedent that petty theft, petty larceny are indeed crimes involving moral turpitude. And this categorically falls in that category. I have twenty three seconds left. The the even under the modified categorical approach we have here. Ten separate counts, nine of which each under 350 to nine separate marks, counterfeit marks, more than one thousand each based on based on the information in the case. And interesting enough, the word or from the statute is changed in the information to. And he willfully manufactured, he intentionally sold and he purposely possessed for the for sale more than a thousand each of these documents. That end is a critical there in the modified approach. It indeed tells you that he did all of them. So the example, Judge McEwen, you said, in turn, manufacturing for a thing, ultimately in a modified categorical approach, false because indeed all of them he did according to that and he pled guilty to each. Thank you, Mr. Thank you. In terms of him conceding that he was clear, he clearly did. He said that the immigration judge asked him, have you been convicted of crime involving moral turpitude? He said yes. He admitted that charge. My question, one, I don't know if the record supports Mr. Tall as such a sophisticated litigator. I read the record as were you convicted of this crime of a penal code section 350 a violation? Yes. Were you convicted of a crime involving moral turpitude? Yes. I, I don't read the record to see that. He had a real understanding of what an amorphous standard like a crime involving moral turpitude was. And let's say that we are dealing with a different crime here, a crime that the court has said is not categorical. It is a crime that is self-proclaimed. Why should we cut him any slack? And that's no different than if the immigration judge had asked you if you've been representing him, you know, what's your answer to the charge of the charges? I admit that this is a crime involving moral turpitude. No question under those circumstances, your client would be bound by that admission. My question is, if one admits in an immigration hearing that they committed a crime involving moral turpitude when the crime that they committed wasn't a crime involving moral turpitude, are they removable because of that concession? I don't think so. In other words, if he's just mistaken and it's some other petty crime that's not moral turpitude, then it would be somewhat unconscionable to deport him on the basis of a misunderstanding. Yes, and it's been our position that 350A isn't a crime involving moral turpitude. So even if he did, which he did, admit or concede a charge, I think it's difficult to stick him with that if, as a matter of law, this is not a crime involving moral turpitude. Another issue I'd like to quickly address is the common meaning of counterfeit. I don't know if we can look to the dictionary meaning of counterfeit to determine what the statute says counterfeit is. Counterfeit is defined in the statute, and under the categorical approach, the idea is to compare the language of the statute with the generic definition of the federal crime, that being the crime involving moral turpitude. The crime involving moral turpitude is the definition that isn't defined, and therefore, I think we got it backwards on that. On the last issue in terms of, I'd like to quickly actually address the modified categorical approach. All that the government has asserted is they changed ors to ands. I don't know if that's enough to show that he, in this case, has been convicted of a crime that inherently involves fraud, that there's an element of fraud in this case. Thank you. Thank you. Thank you, Mr. Poehler. The case just argued is submitted.
judges: Silverman, McKeown, Tallman